R. RUIZ & Co., Plaintiff and Appellant, *v.* JOSÉ MARCANO, Defendant and Appellee.

No. 8494. Argued November 20, 1942.—Decided January 15, 1943.

*Miranda & Miranda Esteve* for appellant. *R. R. Rivera Correa* for appellee.

Mr. Justice Snyder delivered the opinion of the court.

On July 8, 1937 the marshal of the district court sold at public auction José Marcano's house, which had been attached to secure a judgment entered against him in favor of R. Ruiz & Co. The latter purchased the house at the sale for $200.

On July 27, 1937 Marcano brought an action in the municipal court against Ruiz & Co., claiming a right of homestead in the said house and praying for judgment in the amount of $500. On appeal, the district court, in its judgment of September 30, 1938, recognized Mercado's right of homestead in the house, but denied the prayer for a money judgment. The court in that case said that Marcano "could file a motion in the main suit which gave rise to the execution and pray for annulment of the sale."

Accordingly, on October 18, 1940 Marcano, alleging that before and since the judicial sale he has occupied the property in question as his home, filed a motion praying that the said sale be set aside. On June 18, 1941, the district court entered an order granting that motion, and the plantiff has appealed therefrom.

█ Section 5 of Act No. 87, Laws of Puerto Rico, 1936 (p. 460), provides that "No sale shall be made, under a judgment or execution, of . . . property when the same is claimed or occupied as a homestead . . . unless a sum greater than five hundred dollars is obtained therefor."

The same section goes on to provide that "Such claim shall be made by . . . affidavit . . . which . . . shall be delivered to the officer in charge of the sale."

Section 5 also provides that in the event the property is sold for more than five hundred dollars, "the excess over said sum shall be paid to the creditor and the sum of five hundred dollars shall be . . . deposited by the officer who made the sale, in the office of the secretary of the district court . . .

so that said court may then decide as to the legitimacy of such claim.''

In its opinion herein, the district court said that ''In the case at bar a price less than $500 was obtained for the property, and the defendant was occupying it as a homestead. In accordance with the letter of the law the property should not have been sold. It is not essential, in accordance with the said statute, that the homestead be duly claimed. The property must not be sold for less than $500 *if it be occupied* as a homestead, or if such a right be claimed. . . . ''

It is not necessary to determine if this interpretation of §5, insofar as it involves the requirement of a claim, is correct. (Cf. *F. Carrera & Bro.* v. *Registrar*, 36 P.R.R. 285, 88; *Dávila* v. *Sotomayor et al.*, 35 P.R.R. 726, 735; concurring opinion of Mr. Justice Hutchison in *Veve* v. *Keith*, 49 P.R.R. 178, 187). We pause only to note that this section must be read in connection with §1 of the act which defines a homestead as a property worth not more than $500 ''owned . . . and occupied'' by the homesteader.

█ █ We need not decide if occupancy without a claim constitutes compliance with the procedure laid down in §5, as the instant case comes under the procedure set forth in §6. That section provides as follows:

''In case no claim whatsoever is established before the officer in charge of the auction sale, the person entitled to the claim of homestead may institute the corresponding ordinary action within sixty (60) days after the date on which the auction was held.''

Nineteen days after the judicial sale, Marcano, pursuant to §6, filed suit to enforce his homestead rights, which a district court has declared in a final and unappealable judgment. Having chosen to proceed by suit under §6 rather than by claim under §5, the substantive rights established in §5 were properly enforced in the said suit.

█ In support of his contention that the motion to set aside the judicial sale came too late, the appellant confines

itself to citation of §140 of our Code of Civil Procedure. That section can have no possible application here.

It remains only to note that there is no room for any contention here of estoppel or laches. Marcano instituted his action under §6 promptly; his occupancy of the property has never been interrupted; and, as the district court put it, "the situation of the parties is the same that existed the day of the sale".

The judgment of the district court will be affirmed.